MARGARET SARVENT AND OTHERS, RESPONDENTS, v. EDWARD D. HESDRA, APPELLANT, IMPLEADED, ETC.

*Surrogate's decrees — appeals taken from such as were entered between September 1, 1880, and the passage of chap. 40 of 1881 — when valid — 1880, chap. 245.*

In October, 1880, a decree was entered in a Surrogate's Court, in a proceeding commenced therein before, and pending therein on September 1, 1880. Prior to January 1, 1881, an appeal therefrom had been taken on a case made and settled in accordance with, and in conformity to the laws and practices regulating appeals from decrees of the Surrogate's Court, in force on the 30th day of August, 1880.

*Held,* that the passage of chapter 40 of 1881, rendered the appeal valid and effectual, even though chapter 245 of 1880 should be held to have repealed all the provisions of the Revised Statutes regulating appeals from surrogate's decrees, on September 1, 1880.

APPEAL from an order of the Special Term denying a motion to dismiss an appeal from a final decree, entered in the Surrogate's Court, admitting the will of Cynthia Hesdra to probate.

*Q. McAdam,* for Edward D. Hesdra, appellant. .

*Dorsheimer, Bacon & Deyo,* for the respondents.

DAVIS, P. J.:

The proceeding in the Surrogate's Court, in which the decree admitting the will to probate was made, was commenced on the 3d of May, 1879. The course of procedure therein was regulated by the Revised Statutes, except in those respects in which the statutes have been changed or modified by the Code of Civil Procedure and by acts of the legislature passed since that Code went into effect. The new procedure established by the Code went into effect September 1, 1880, but by subdivision 11 of section 3347 of the Code this procedure was only to apply to actions or proceedings commenced after September 1, 1880. The decree in this case was entered on the 27th of October, 1880. A notice of appeal therefrom was served November 23, 1880. A petition of appeal was filed November 29, 1880, and notice thereof was served December

13, 1880. The answer of the present appellant Edward D. Hesdra to the petition of appeal was served December 31, 1880. These several proceedings appear to have been taken in time under the provisions of the Revised Statutes. On the 10th of May, 1880, a repealing act was passed which seems to have repealed the various provisions of the Revised Statutes regulating appeals from surrogates' decrees. That act went into operation on the 1st of September, 1880. (Laws of 1880, chap. 245.)

As the decree in this case was made and entered on the 27th of October, 1880, it is contended that at that time the provisions of the Revised Statutes which gave a right of appeal in such cases were out of existence, and that as the new procedure under the Code was not applicable to appeals in proceedings commenced in the Surrogate's Court prior to the first of September, therefore the appeal in this case is without authority of law and should be dismissed.

It very clearly was not the intention of the legislature or of the codifiers that their action should produce any such result. The manifest intention was to so regulate such appeals that when brought in proceedings commenced after the 1st of September, 1880, they should be brought and conducted in the new form of procedure indicated by the Code. But when brought in proceedings commenced prior to that time, then the form should be regulated by the provisions of the Revised Statutes as they existed on the last day of August, 1880.

It would be somewhat difficult to answer the objection of the appellant if it were not for the subsequent legislation, which we think should be construed so as to preserve the appeal in this case.

By the Laws of 1881, chapter 681, subdivision 11 of section 3347 of title 2 of chapter 22 of the Code is amended, amongst other things, so as to include the following words :

" And all appeals taken from any order, sentence, decree or determination in the Surrogate's Court, made or entered in such court, on or after the 1st day of September, 1880, in any matter or proceeding pending or undetermined in such court on the 1st day of September, 1880, shall be taken and perfected, heard and decided in conformity to the laws and practice regulating appeals from orders, sentences and decrees in Surrogates' Courts in force in this State on the 31st of August, 1880, and all appeals from any order,

sentence, decree or determination of such court, brought in conformity thereto since the 1st day of September, 1880, are hereby declared to be valid and effectual."

The appeal in this case was made in a matter of proceeding pending and determined in the Surrogate's Court on the 1st of September, 1880. It was brought after the 1st of September, 1880. It was taken in conformity to the provisions of the Revised Statutes, which were in force on the 31st of August, 1880, as the repealing act above referred to did not take effect until September first, the following day. It is, therefore, within the description of appeals from the Surrogate's Court, which are by the amendment of the act above quoted declared to be valid and effectual.

We do not see that there is anything in section 3349 of the Code upon which the respondents rely that goes to preserve the appeal in this case. But chapter 40 of the Laws of 1881 (Laws of 1881, p. 40), which we think has not been wholly superseded by chapter 681 of the laws of that year, does seem to us to affect this appeal. Section 1 of that act declares that "when an appeal shall be or has been taken after the 1st of September, 1880, from any order, decree or determination made or rendered in the Surrogate's Court in any matter or proceeding commenced before the 1st day of September, 1880, the said appeal shall be heard upon a case to be made and settled as provided by section 2576 of the Code of Civil Procedure. But if on any such appeal taken before the passage of this act a case has been made and settled or the appeal perfected according to and in conformity with the laws and practice regulating appeals from orders, sentences or decrees of Surrogates' Courts, in force on the 31st day of August, 1880, then such appeals and settlement of the case thereon shall be valid, and such appeal shall be heard and decided in conformity to the laws and practice regulating appeals from orders, sentences and decrees of the Surrogates' Courts in force in this State on the 31st day of August, 1880."

This statute was intended to operate on all appeals taken either before or after its passage from decrees of the Surrogate's Court in any matter or proceeding commenced before the 1st day of September, 1880. The obvious design was to provide that an appeal should be heard upon a case to be made and settled as provided by the Code, unless the appeal had been previously perfected in accord-

ance with the law and practice regulating appeals from orders, sentences and decrees of the Surrogate's Court, in force on the 31st of August, 1880, in which case the appeal is to be heard and decided in conformity to the law as it existed August 31, 1880. The statute clearly recognizes an existing right of appeal after the 1st day of September, 1880, in the manner provided for by the Revised Statutes, and it determined upon what such appeal shall be heard by the appellate court.

We think it has the effect to validate any appeal then pending, as that in the case before us was at the time of its passage. It is *in pari materia* with chapter 681 above quoted, passed at the same session. Such statutes are to receive a construction, if possible, which will give effect to both. " They are within the reason of the rule governing the construction of statutes *in pari materia*. Each is supposed to speak the mind of the same legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and effect, so as to give validity and effect to every other act passed at the same session." (*Smith* v. *People*, 47 N. Y., 330–339.) If the appellant's counsel be right, therefore, in his contention that the provisions of the Revised Statutes were repealed by the Laws of 1880 (chap. 245), we are of opinion that, by necessary implication, the right of appeal in such a case as this is preserved and the appeal made valid by subsequent legislation.

The bond in this case was given in conformity to the Revised Statutes ; the surrogate duly approved it. It has but one surety. If the statute calls for two or more sureties, yet, the bond having been received and approved by the surrogate, the remedy, we think, was to move to set aside the bond or to require additional sureties, and not to dismiss the appeal, especially after the moving party had appeared and answered the petition of appeal. It would be in the power of that court then to allow the amendment of the bond or the filing of a new one to conform to the requirements of the statute.

It is no ground for dismissing the appeal because the case does not conform to the rules of the court. It was received and retained by counsel, and it does not appear that any objection was made to it at the time. A motion to strike it out as not conforming

to the rules would have been the proper remedy. It certainly was made up in a very brief and unsatisfactory form, and yet it indicated quite clearly what was intended to constitute the case upon which the party would proceed. The court below would have allowed an amendment undoubtedly if this objection had been deemed important, and so ought this court if it regarded it as a sufficient ground for dismissing the appeal.

On the whole we are of opinion that the order of the court below should be affirmed, but under the circumstances, without costs.

Brady, J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Order affirmed, without costs.